THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DAVID M., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> **Acting Commissioner of Social Security,** <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:22-cv-00329-JNP-JCB <br><br> **District Judge Jill N. Parrish** <br><br> **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] As demonstrated by the procedural history recounted below, pro se Plaintiff David M.'s ("Plaintiff") Opening Brief is long overdue. Therefore, the court recommends dismissal of this action without prejudice.

On September 29, 2022, Plaintiff submitted a document which consisted of two sentences requesting the court's review of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") action in this case and requesting oral argument.[2] Because Plaintiff's filing did not comply with the requirements both for an Opening Brief set forth in DUCivR 7-4(d) and the scheduling order entered in this case,[3] the court denied Plaintiff's Motion for Review of

---

[1] ECF No. 11.
[2] ECF No. 18.
[3] ECF No. 17.

Agency Action[4] without prejudice and ordered Plaintiff to file an Opening Brief in compliance with DUCivR 7-4(d) by October 28, 2022.[5] On October 31, 2022, Plaintiff requested an extension of time to December 26, 2022, to file his Opening Brief.[6] The court granted this extension and Plaintiff's Opening Brief was due December 26, 2022.[7] When Plaintiff failed to file the Opening Brief by this deadline, the court issued an Order to Show Cause directing Plaintiff to demonstrate why this action against Commissioner should not be dismissed for lack of prosecution.[8] In response to the court's Order to Show Cause, Plaintiff filed a second motion for an extension of time to March 15, 2023, to file his Opening Brief.[9] The court granted this extension.[10]

As of the date of this recommendation, Plaintiff has not submitted his Opening Brief or a motion for extension of time. "[Federal Rule of Civil Procedure 41(b)] has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[11] Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."[12] Dismissal for failure to prosecute is the "standard" way to clear

---

[4] ECF No. 19.
[5] ECF No. 20.
[6] ECF No. 21.
[7] ECF No. 22.
[8] ECF No. 23.
[9] ECF No 24.
[10] ECF No. 25.
[11] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).
[12] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

"deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay."[13] The court has given Plaintiff several opportunities over the last six months to file an Opening Brief so his case could advance. Accordingly, the court recommends that Plaintiff's action against Commissioner be dismissed without prejudice.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that Plaintiff's action against Commissioner be DISMISSED WITHOUT PREJUDICE based upon Plaintiff's failure to prosecute this action.[14] Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[15] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[16] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[13] *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

[14] DUCivR 41-2.

[15] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[16] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).